**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 112244

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Betsy Roth and Kristin A. Dykes, | Docket No: |
| Plaintiffs, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Credit Control, LLC d/b/a Credit Control & Collections, LLC, | |
| Defendant. | |

Betsy Roth and Kristin A. Dykes (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Credit Control, LLC d/b/a Credit Control & Collections, LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.     Plaintiff Betsy Roth is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6.     Plaintiff Kristin A. Dykes is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8.     On information and belief, Defendant's principal place of business is located in Hazelwood, Missouri.

9.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11.     Defendant alleges each of the Plaintiffs owe a debt ("the debt").

12.     The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13.     Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

14.     Plaintiff Roth's debt was incurred with Comenity Bank.

15.     At all relevant times herein, Plaintiff Roth's debt accrued, and was subject to, interest.

16.     At all relevant times herein, Plaintiff Roth's debt accrued, and was subject to, late fees.

17.     Plaintiff Dykes' debt was incurred on a credit card issued by Bank of America.

18.     At all relevant times herein, Plaintiff Dykes' debt accrued, and was subject to, interest.

19.     At all relevant times herein, Plaintiff Dykes' debt accrued, and was subject to, late fees.

20.     Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

21.     In its efforts to collect the debt, Defendant contacted Plaintiff Roth by letter dated

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

March 16, 2016. ("**Exhibit 1**.")

22.     In its efforts to collect the debt, Defendant contacted Plaintiff Dykes by letter dated March 10, 2016. ("**Exhibit 1**.")

23.     The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**
**AS TO PLAINTIFF ROTH**

24.     Plaintiff Roth repeats and realleges the foregoing paragraphs as if fully restated herein.

25.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

27.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

28.     A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

29.     A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

30.     15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees.  *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

31.     A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

32.     The letter sets forth a "Balance."

33.     The letter sets forth several settlement offers.

34.     The letter fails to disclose whether the "Balance" may increase due to additional interest.

35.     The letter fails to disclose whether the "Balance" may increase due to additional

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

late fees.

36.     The letter fails to disclose whether the "Balance" may increase due to additional interest if the settlement is not accepted.

37.     The letter fails to disclose whether the "Balance" may increase due to additional late fees if the settlement is not accepted

38.     The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

39.     The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

40.     The letters because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

41.     The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the value of Defendant's settlement offer because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static, if the settlement was not accepted.

42.     The letter, because of the aforementioned failures, could be read by the least sophisticated consumer to mean that the "Balance" was static.

43.     The letter, because of the aforementioned failures, could also reasonably read the letter to mean that the "Balance" was dynamic due to the continued accumulation of interest and/or late fees.

44.     Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive under 15 U.S.C. § 1692e.

45.     Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, it is deceptive under 15 U.S.C. § 1692e.

46.     Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**
**AS TO PLAINTIFF DYKES**

47.     Plaintiff Dykes repeats and realleges the foregoing paragraphs as if fully restated herein.

48.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

50.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

51.     A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

52.     A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

53.     15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees.  *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

54.     A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

55.     The letter sets forth an  "Amount Due."

56.     The letter fails to disclose whether the "Amount Due" may increase due to additional interest.

57.     The letter fails to disclose whether the "Amount Due" may increase due to additional late fees.

58.     The letter fails to indicate whether payment of the amount stated would satisfy the debt.

59.     The letter fails to indicate whether payment of the amount stated by any date

certain would satisfy the debt.

60.     The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees.  *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

61.     The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

62.     The letters because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

63.     The letter, because of the aforementioned failures, could be read by the least sophisticated consumer to mean that the "Amount Due" was static.

64.     The letter, because of the aforementioned failures, could also reasonably read the letter to mean that the "Amount Due" was dynamic due to the continued accumulation of interest and/or late fees.

65.     Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive under 15 U.S.C. § 1692e.

66.     Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, it is deceptive under 15 U.S.C. § 1692e. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

67.     Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a.     Damages against Defendant in favor of Plaintiff Roth pursuant to 15 U.S.C. § 1692k; and

b.     Damages against Defendant in favor of Plaintiff Dykes pursuant to 15 U.S.C. § 1692k; and

c.     Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d.     Plaintiffs' costs; all together with

e.    Such other relief that the Court determines is just and proper.


DATED: March 9, 2017

**BARSHAY SANDERS, PLLC**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 112244

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530